## SULLIVAN v. BOND.
### No. 11121.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1952.

Decided June 26, 1952.

See also 86 U.S.App.D.C. 146, 180 F.2d 47.

H. Mason Welch, Washington, D. C., for appellant.

William T. Hannan, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PER CURIAM.

A second codicil to the will of Rachel R. Bond provided that "In the event that any provision of my last will and testament, first codicil and this codicil, is contested by any of the parties mentioned therein or herein, the portion or portions of the estate to which such party or parties would be entitled shall be disposed of in the same manner as though their name or names had not been mentioned therein or herein." Appellant, a daughter of the testatrix, contested the first codicil and parts of the second on grounds of fraud, deceit, and undue influence. A jury found that appellee, another daughter, procured the first codicil by undue influence but did not procure the second codicil by fraud, deceit, or undue influence. The District Court duly enforced against appellant the forfeiture clause of the second codicil. We said in Barry v. American Security & Trust Co., 77 U.S.App.D.C. 351, 352, 135 F.2d 470, 471, 146 A.L.R. 1204, and we now hold, that "Under the law applicable in the District of Columbia, the forfeiture provision contained in the will was valid and the filing of the caveat worked a forfeiture of the interest of the devisee filing it, irrespective of the question of good faith or probable cause for the litigation." Cf. Am. Law Institute, Restatement of the Law of Property, § 428, including Introductory Note.

Affirmed.